UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGER L.[1],

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

1:21-CV-00345 (JLS)

---

### DECISION AND ORDER

Plaintiff Roger L. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 9. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 10, 11. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on November 13, 2014.[2] *See* Tr. 27.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 140–46. Following the hearing, in which Plaintiff was represented by counsel, ALJ David Begley issued a decision finding that Plaintiff was not disabled. Tr. 115–34. Plaintiff's request for Appeals Council review was accepted, and the Appeals Council remanded to another ALJ. Tr. 135–39. After the second hearing, in which Plaintiff was represented by counsel, ALJ William Weir issued a decision finding that Plaintiff was not disabled. Tr. 12–27. Plaintiff's second request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–3; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for DIB. To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 7 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 7 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.  Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay

or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past

4

relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c); *see Bowen*, 482 U.S. at 146 n.5. Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity from December 24, 2013, his alleged onset date, through December 31, 2017, the date Plaintiff was last insured. Tr. 17. The ALJ also found that Plaintiff suffered from the following severe impairments: coronary artery disease, status-post implantable cardioverter defibrillator ("ICD") placement, hypertension, status-post cerebral vascular accident, and major depressive disorder with anxiety. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [H]e is prohibited from climbing ladders, ropes and scaffolds. He is further limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling. He would need to avoid concentrated exposure to extreme cold and heat, to humidity and wetness, and to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. He also would need to avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames. Additionally, he is limited to doing simple routine, repetitive tasks. He is further limited to work in an environment free of fast-paced production requirements; involving only simple, work-related decisions; with few, if any, work place changes.

Tr. 20.

The ALJ found that, through the last date insured, Plaintiff was unable to perform any past relevant work. Tr. 25. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 26. As such, according to the ALJ, Plaintiff had not been under a disability from the alleged onset date of December 24, 2013 through the date last insured of December 31, 2017. Tr. 27.

## II.   Plaintiff's Argument

Plaintiff argues that the RFC determination was unsupported by substantial evidence because the ALJ "relied on his own lay interpretation of the raw medical record" instead of "the functional limitations from medical opinions." Dkt. 9-1, at 1.

Plaintiff also argues that the ALJ should have further "developed the record and obtained a new opinion." *Id.* at 13. Plaintiff's arguments are without merit.

### III. <u>Analysis</u>

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The Second Circuit has held that where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d. Cir. 2017) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)); *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing Plaintiff's physical limitations and the ALJ's reliance on treatment notes to formulate the RFC).

In crafting Plaintiff's physical RFC, the ALJ considered the opinions of medical expert James W. Todd, M.D., F.A.C.C., consultative examiner John Schwab, D.O., and Beverly Yamour, M.D. Tr. 23–24. Dr. Todd testified at the hearing that in order for him to determine Plaintiff's physical capacity, Dr. Todd would need to see a more recent stress test and echocardiogram. Tr. 44–45. Absent that, Dr. Todd inferred from the record that Plaintiff had no medical issues between August 2016 and July 2017, no shortness of breath or chest pain, and a working

7

defibrillator.[4]  Tr. 48, 44.  The ALJ accorded substantial weight to Dr. Todd's opinion.  Tr. 23.  Dr. Schwab observed that Plaintiff had a marked restriction for exertional activities and heavy lifting.  Tr. 573–77.  The ALJ accorded his opinion some weight because it was "somewhat consistent with the evidence in the record."  Tr. 24.  Dr. Yamour opined several limitations in response to an interrogatory request.  *See* Tr. 1004–13.  The ALJ accorded her testimony little weight since some of the limitations were not based on primary medical evidence, and the manipulative limitations were determined by pulmonary function testing ("PFT"), which is not related to hand functions.  Tr. 24.  Furthermore, the PFT was performed in 2018, which is outside of the relevant period, and Plaintiff showed improvement when a PFT was conducted again in 2019.  Tr. 874–76, 858–60.

As to the mental RFC, Plaintiff alleges that the ALJ erred in failing to rely on opinion evidence.  Dkt. 9-1, at 14.  In formulating Plaintiff's mental RFC, the ALJ

---

[4] To the extent Plaintiff argues that the ALJ could not rely on Dr. Todd's opinion at all because Dr. Todd did not review an updated stress test from Emily Battaglia, M.D., that is incorrect.  Dr. Battaglia did not see Plaintiff or perform a stress test until February 2018, *see* Tr. 933–38, but the relevant period ended on December 31, 2017, *see* Tr. 27.  The ALJ certainly did not need Dr. Todd to assess evidence from outside the relevant period to determine whether Plaintiff was disabled during the relevant period.  *See Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 40–41 (2d Cir. 1972) ("In order to qualify for disability payments under the Social Security Act, the wage earner must show disability on or prior to the last date on which she was insured under the Act.").  As such, Dr. Todd's opinion properly spoke to the nature and severity of Plaintiff's cardiovascular impairments based on evidence from the relevant period, including testing performed on October 6, 2016.  *See* Tr. 44; *see also* 20 C.F.R. § 404.1527(a)(1) (defining medical opinions as "statements from medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s)").

8

considered the opinions of Charles E. Smith, Ph.D., L.P., psychological consultative examiner Christine Ransom, Ph.D., and State agency psychological consultant G. Kleinerman. Tr. 23–25. At the hearing, Dr. Smith testified that Plaintiff did not meet the criteria for a Diagnostic and Statistical Manual of Mental Disorders ("DSM") diagnosis. Tr. 55. The ALJ agreed that Plaintiff did not qualify for a DSM diagnosis, but he nevertheless found that Plaintiff had severe mental limitations. Tr. 23. Therefore, the ALJ allotted Dr. Smith's opinion partial weight. Tr. 24. Dr. Ransom opined that Plaintiff had no limitations in his ability to "follow[] and understand[] simple directions and instructions, perform simple tasks independently, maintain attention and concentration for simple tasks, maintain a simple regular schedule and learn simple new tasks, perform complex tasks, and relate adequately with others and appropriately deal with stress." Tr. 578–82.

But considering the record as a whole, the ALJ disagreed with Dr. Ransom's opinion and found that Plaintiff had limitations in concentration, persistence, maintaining pace, memory, and word-finding. Tr. 24. The ALJ also noted that some of the medical records report that Plaintiff avoided eye contact and was somewhat anxious. *Id.*, Tr. 647, 780. In light of this evidence, the ALJ only afforded some weight to Dr. Ransom's opinion. Tr. 24. Finally, Dr. Kleinerman determined that Plaintiff's mental impairments were not severe. Tr. 104–114. The ALJ disagreed with Dr. Kleinerman's opinion and concluded that Plaintiff's mental impairments were severe based on record evidence that Plaintiff experienced

9

depression and irritability due to his difficulty with word-finding. Tr. 24–25, 550. As a result, the ALJ accorded Dr. Kleinerman's testimony little weight. Tr. 25.

Although the ALJ did not rely heavily on limitations articulated in the opinion evidence, the record contained substantial evidence from which the ALJ could formulate Plaintiff's physical and mental RFC. *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109–10 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'" (citation omitted)).

In determining the RFC, the ALJ considered the record as a whole, taking into account opinion evidence, medical records, Plaintiff's daily activities, and Plaintiff's own testimony. *See* Tr. 20–25. Therefore, the ALJ did not improperly rely on his lay interpretation of the record in crafting Plaintiff's RFC even though he did not assign controlling weight to any of the medical opinions. *See Matta*, 508 F. App'x at 56 ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").[5]

---

[5] Regarding the opinions of Dr. Smith, Dr. Ransom, and Dr. Kleinerman, the ALJ was entitled to find that, based on the record as a whole, Plaintiff's impairments were more severe than the opinions indicated. *See, e.g., Matthew S. v. Comm'r of Soc. Sec.*, No. 21-CV-00220-LJV, 2023 WL 3603671, at *3 (W.D.N.Y. May 23, 2023) ("The ALJ certainly did not err by concluding that [Plaintiff] was *more* restricted in

10

Plaintiff also argues that the ALJ should have developed the record further by obtaining an additional medical opinion. Dkt. 9-1, at 13. It is true that "the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1983) (citation omitted); *see Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) ("The ALJ is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." (citation omitted)).

The record includes medical opinions, medical history, descriptions of Plaintiff's daily activities, and contains no "obvious gaps." *Rosa*, 168 F.3d at 79 n.5. The ALJ permissibly considered the information already in the record without seeking an additional medical opinion. *See Monroe*, 676 F. App'x at 8.

In conclusion, the ALJ's RFC determination was supported by substantial evidence and not based on the ALJ's own lay opinion.

---

his ability to perform work related activities than [the medical opinions] found him to be.").

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 9). The Clerk of the Court will close this case.

SO ORDERED.

Dated:	July 21, 2023
	Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE